IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEMARY CERVANTES,<br><br>        Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner of Social Security,<br><br>        Defendant.<br>_____/ | Case No. 1:06-cv-1754 TAG<br><br>ORDER DISMISSING ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDERS<br>(Docs. 6, 22, 24, 26) |

Plaintiff, Rosemary Cervantes, is proceeding pro se with an action in which she seeks judicial review of a final decision of the Commissioner of Social Security denying her application for Social Security disability benefits. The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the case has been assigned to the Magistrate Judge to conduct all further proceedings, including the entry of final judgment. (See Doc. 11).

PROCEDURAL HISTORY

Plaintiff, through counsel, filed her complaint on November 27, 2006. (Doc. 2). On December 6, 2006, the Court issued a Scheduling Order, which provided, inter alia, that Plaintiff's opening brief should be filed no later than ninety-five (95) days after Defendant lodged the administrative record. (Doc. 6). On April 10, 2007, Defendant filed the administrative record with

---

[1] Michael J. Astrue is substituted for his predecessor, Jo Anne B. Barnhart, as the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)(1).

the Court. (Docs. 12, 13). On October 1, 2007, the Court issued an Order to Show Cause directing Plaintiff to show cause why sanctions, including dismissal of this action, should not be imposed for Plaintiff's failure to comply with the Scheduling Order, specifically, for her failure to file an opening brief within ninety-five days of the date that Defendant had lodged the administrative record. (Doc. 15). Plaintiff timely responded to the Order to Show Cause and, for good cause shown, the Court discharged the Order to Show Cause and granted Plaintiff until October 15, 2007, to file her opening brief. (Docs. 16, 19). On November 6, 2007, Plaintiff's attorney and his firm moved to withdraw as attorneys of record in this action because they concluded that it lacked merit, but they could not submit a stipulation to withdraw because Plaintiff had not responded to their letters. (Doc. 21). On November 8, 2007, this Court granted the motion to withdraw, stating that it would become effective when Plaintiff's attorney filed proof of service evidencing that he had served the order granting the motion, upon Plaintiff. (Doc. 22). In addition, the Court, sua sponte, directed Plaintiff to file her opening brief on or before December 14, 2007. (Doc. 22). The November 8, 2007, order further stated that "**Plaintiff's failure to comply with the requirement that she file an opening brief no later than December 14, 2007, will result in dismissal of this action.**" (Id.) (emphasis in original).

As of January 11, 2008, no opening brief had been filed nor had Plaintiff's attorneys of record filed a proof of service evidencing that they had effected service of the November 8, 2007, order granting them leave to withdraw as Plaintiff's attorneys of record. (See Dkt. Sheet). On January 11, 2008, the Court issued another Order to Show Cause directing Plaintiff to show cause why sanctions, including dismissal of this action, should not be imposed for Plaintiff's failure to file an opening brief and her failure to comply with Court orders. (Doc. 24). The Order to Show Cause warned again that "**Plaintiff is admonished that failure to timely comply with this order will result in a dismissal of this action.**" (Id.) (emphasis in original).

Plaintiff's attorney responded to the Order to Show Cause, stating that he had not received notice that their motion to withdraw had been granted and, therefore, had not served the order on Plaintiff. (Doc. 25). Plaintiff's attorney requested that the Court grant Plaintiff an additional extension of time to February 22, 2008, to file her opening brief. (Id.). On January 18, 2008, the

2

1  Court granted the request for an extension of time in part, ordering Plaintiff to file an opening brief
2  on or before February 1, 2008.[2]  (Doc. 26).  The Court's January 18, 2008 order stated again that
3  "**PLAINTIFF IS FOREWARNED THAT HER FAILURE TO FILE AN OPENING BRIEF**
4  **BY FEBRUARY 1, 2008 WILL RESULT IN DISMISSAL OF THIS ACTION.**"  (Id.)
5  (emphasis in original).  To date, Plaintiff has not filed an opening brief or any other document
6  explaining why her opening brief has not been filed. (See Dkt. Sheet).

## DISCUSSION

8        This Court's Local Rule 11-110 provides that "[f]ailure of counsel or of a party to comply
9  with these Rules or with any order of the Court may be grounds for the imposition by the Court of
10 any and all sanctions . . . within the inherent power of the Court."  District courts have inherent
11 power to control their dockets and "in the exercise of that power, they may impose sanctions
12 including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829,
13 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to
14 prosecute an action, failure to obey a court order, or failure to comply with local rules.  See Ghazali
15 v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.
16 Bonzelet, 963 F.2d 1258, 1260-1261 (9th Cir. 1992) (dismissal for failure to comply with an order
17 requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-1441 (9th Cir. 1988)
18 (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of
19 address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
20 comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
21 lack of prosecution and failure to comply with local rules).

22       In determining whether to dismiss an action for failure to obey a court order, the Court must
23 consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the
24 court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
25 ///

---

[2] On January 22, 2008, Plaintiff's attorneys filed proof of service of the order granting them leave to withdraw as counsel of record, issued on November 8, 2007.  (Doc. 27).

favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Carey, 856 F.2d at 1440; Henderson, 779 F.2d at 1423.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this action has been pending since November 27, 2006. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Moreover, Plaintiff's failure to communicate with her attorneys when they contacted her, and her apparent lack of interest in this action, lend support to dismissal, rather than repeated continuances, of this case. (See Doc. 21, Dkt. Sheet).

Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Scheduling Order states that any violation of it or the federal or local rules could result in sanctions under Local Rule 11-110. (Doc. 6, ¶15). The Court's Orders dated November 8, 2007, January 11, 2008, and January 18, 2008, expressly warned Plaintiff that her action would be dismissed if she failed to timely comply with the orders. (Docs. 22, 24, 26). Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's Order.

Based on the forgoing, the Court finds that Plaintiff has failed to show cause why this action should not be dismissed. Plaintiff has failed to prosecute this action and has failed to obey the orders of this Court, including the Scheduling Order and the Orders dated November 8, 2007, January 11, 2008, and January 18, 2008. (Docs. 6, 22, 24, 26). Accordingly, the Court will dismiss this action, without prejudice.

////

////

**ORDERS**

Accordingly, it is HEREBY ORDERED that:

1. This action is DISMISSED without prejudice, for Plaintiff's failure to prosecute this action and failure to obey orders of this Court; and

2. The Clerk is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:   **February 4, 2008**                                                   /s/ Theresa A. Goldner
                                                                                              UNITED STATES MAGISTRATE JUDGE

5